IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIANNA MORSE,<br>    Plaintiff | :<br>:<br>:    CIVIL NO. 3:13-cv-00625 |
| v. | :<br>:    (JUDGE NEALON) |
| ALLIED INTERSTATE, LLC,<br>    Defendant | :<br>: |

FILED
SCRANTON
JUN 2 6 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

On March 8, 2013, Plaintiff, Julianna Morse, filed a complaint against Defendant, Allied Interstate, LLC, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., ("FCRA"). (Doc. 1). Following the filing of an answer, Defendant filed a motion to stay the proceedings pursuant to the primary jurisdiction doctrine. (Doc. 16). The motion has been fully briefed and is now ripe for disposition. (Docs. 17-19). For the reasons that follow, the motion will be denied.

## STANDARD OF REVIEW

The doctrine of primary jurisdiction is a principle of judicial administration designed to achieve coordination between administrative agencies and the courts. Cheyney State College Faculty v. Hufstedler, 703 F.2d 732, 736 (3d Cir. 1983).

Its intent is to avoid contradictory or inconsistent judicial and administrative rulings. MCI Telecommunications Corp. v. American Tel. & Tel. Co., 496 F.2d 214, 220 (3d Cir. 1974). The doctrine is defined as follows:

> a principle, now firmly established, that in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedures.

Id., citing Far East Conference v. United States, 342 U.S. 570, 574, 96 L. Ed. 576, 72 S. Ct. 492 (1952). "Under the doctrine, a court should refer a matter to an administrative agency for resolution, even if the matter is otherwise properly before the court, if it appears that the matter involves technical or policy considerations which are beyond the court's ordinary competence and within the agency's particular field of expertise." Id. "[T]he rationale of the doctrine is that the subject matter falls so squarely within the agency's domain that a court should permit the agency to initially resolve the question presented." Puerto Rico Maritime Shipping Authority v. Valley Freight Systems, 856 F.2d 546, 559

(1988). "[A] district court's decision not to submit an issue for initial determination by an agency is reversible only if it constituted an abuse of discretion." Id., citing United States v. Bessemer & Lake Erie R.R., 230 U.S. App. D.C. 316, 717 F.2d 593, 599 (D.C. Cir. 1983); cf. United States v. Western Pacific, 352 U.S. at 64 352 U.S. 59, 64, 77 S. Ct. 161, 1 L. Ed. 2d 126 (1956) ("No fixed formula exists for applying the doctrine of primary jurisdiction. In every case the question is whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation.").

## DISCUSSION

Defendant requests this matter be placed on hold because the allegations of the complaint turn on two issues currently pending before the Federal Communications Commission ("FCC"): (1) whether the TCPA applies to non-telemarketing calls, such as debt-collection calls; and (2) whether dialing equipment must have a current capacity to generate and dial random or sequential numbers in order to be considered an Automatic Telephone Dialing System. (Doc. 17, pp. 1-2). Plaintiff asserts that the FCC has already addressed these issues. (Doc. 18, pp. 4, 7).

The United States Court of Appeal for the Third Circuit and the FCC have

already determined that the TCPA applies to non-telemarketing calls. See Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 273 (3d Cir. 2013) (applying the TCPA to debt collections calls made to a cellular phone); In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling, 23 FCC Rcd 559, 564 (December 28, 2007) (applying the TCPA to debt collection calls placed to wireless phones). Further, the second issue presented, whether dialing equipment must have a current capacity to generate and dial random or sequential numbers in order to be considered an Automatic Telephone Dialing System, has also generally been addressed and would not be an initial determination by the FCC. See In re Rules Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling, 23 FCC. Rcd 559, 566, ¶ 14. (December 28, 2007) ("[T]he Commission said that, to find that calls to emergency numbers, health care facilities, and wireless numbers are permissible when the dialing equipment is paired with predictive dialing software and a database of numbers, but prohibited when the equipment operates independently of such lists, would be inconsistent with the avowed purpose of the TCPA and the intent of Congress in protecting consumers from such calls."), citing In re Rules and Regulations Implementing the Telephone Consumer

Protection Act of 1991, 18 FCC Rcd 14014, 14092-93, ¶ 133 (June 26, 2003). Because these issues are not being presented to the FCC for an initial, first-impression interpretation but for reconsideration or clarification, a stay based on the doctrine of primary jurisdiction is not appropriate. See Puerto Rico Maritime, 856 F.2d at 549. The issues have been generally addressed by the FCC and the issues presented are not so technical that this Court would be unable to decide the factual issues of this case based on conventional experiences, ordinary competence, and guidance from the prior FCC decisions. Accordingly, Defendant's motion for a stay will be denied.

**CONCLUSION**

Defendant's motion for a stay based on the primary jurisdiction doctrine will be denied as the issues in question are not appropriate for presentation to the FCC for an initial review.

A separate order will follow.

Date: June 26, 2014                     **United States District Judge**